**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**CHARLES McCRANEY** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:12CV-P36-M**

**ANGIE PLEASANT et al.** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Charles McCraney, filed a *pro se, in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at the Fulton County Jail. He sues the following nurses at Hopkins County Jail, where he was formerly housed: Angie Pleasant, Lali, Jodi, and Micheal. He also sues "Doctor." He asks for monetary, punitive, and injunctive relief. The allegations of the complaint center on the treatment of his diabetes while at the Hopkins County Jail. He states that on December 16, 2011, he was put in the "hole" at the Hopkins County Jail because his sugar was high and the nurses stated that they thought his blood sugar was high because he was eating off of other inmates' trays. He states that even while he was in a single cell his blood sugar ran high and on January 26 Nurse Micheal stated that he was not eating off other inmates' trays, that he was simply a "brittle Diabetic and that she was writing a note to the Doctor to let me out of the hole, however . . . before the Doctor could read her note, Fulton County Jail came and picked me up . . . ." He states that he stayed in the hole all that time with no privileges for no reason. He continues, "it's a power thing at Hopkins County Jail. If they don't like you they

can have you put in the hole and nobody can over rule medical staff, that ain't right and there personal issues because they don't like a person because there black or what ever . . . ." Plaintiff alleges "they don't give out snacks for Diabetics at Hopkins County Jail . . . you can't have shoes[;] a lot of Diabetic feet hurt, first that I've heard of that[;] they won't let Diabetics work unless they like you . . . Diabetics don't get sweet-n-low . . . Diabetics fill out sick call forms even when there sugar level is low and high and they charge you for it, something that's a part of your life." He also states that he filled out sick call forms from December 16 to January 26 and not once did the doctor or nurses help him even though he was charged. He also states that he never refused medical attention at Hopkins County Jail for any reason.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Capacity of Defendants Pleasant, Lali, Jodi and "Doctor"***

Plaintiff does not indicate in the pertinent portion of the form complaint in which capacity he sues Defendants, except for Defendant Micheal, for whom he checks official capacity. Generally, § 1983 plaintiffs are required "to set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply their capacity as state officials." *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 367 (6th Cir. 2008) (internal quotations marks and citations omitted). If a plaintiff has not explicitly stated in the pleadings that the claim is against the defendant in his or her individual capacity, the Sixth Circuit Court of Appeals employs the "course of proceedings test" in order to "determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable." *Shepherd v. Wellman*, 313 F.3d 963, 967-68 (6th Cir. 2002); *see also Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc) ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether . . . notice has been satisfied."). Under this test, failure to affirmatively state that a defendant is sued in his "individual capacity" is not fatal to the claim where "the course of proceedings otherwise indicates that the defendant received sufficient notice." *Moore*, 272 F.3d at 772. In applying the course-of-proceedings test, the Court considers, among other things, "the nature of the plaintiff's claims [and] requests for compensatory or punitive damages." *Shepherd*, 313 F.3d at 968 (citing *Moore*, 272 F.3d at 772 n.1).

Although the type of damages sought alone may not suffice to give notice, a request for

punitive damages is indicative of a suit maintained against an officer in his individual capacity. *See Moore*, 272 F.3d at 773 (finding additional support for individual capacity where the plaintiff "sought compensatory and punitive damages against each of the defendants"); *Edmonds v. Turner*, No. 3:03-CV-7482, 2006 WL 3716796, at *2 (N.D. Ohio Dec.14, 2006) (finding no implied suit against defendants in their individual capacities where no punitive damages were sought).

Unlike in *Shepherd v. Wellman*, there is nothing in the instant complaint to "strongly suggest[ ] an official capacity suit." 313 F.3d at 969. Rather, the complaint has largely neutral language, so the various references to Defendants' "personal issues" and to "taking different situations personal" is sufficient to give Defendants proper notice. Finally, Plaintiff requests punitive damages, indicating a desire to sue Defendants in their individual capacities. *See Moore*, 272 F.3d at 773. The Court finds that these Defendants are named in their individual capacity. The Court will now consider whether Plaintiff's claims against these Defendants survive initial review.

Plaintiff does not have standing to raise all of the claims he puts forth in his complaint. His claims relating to diabetics not being given shoes, snacks, or sweet-n-low and not being allowed to work are not personal to him. He does not allege that he was not given shoes, snacks, or sweet-n-low or not allowed to work. Plaintiff may only assert those claims, which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Therefore, these claims will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

The Court will allow Plaintiff's claims against Defendants Pleasant, Lali, Jodi and "Doctor" relating to not receiving medical attention for his diabetes while in the "hole" to go forward.

***Claim against Defendant Micheal***

Plaintiff sues Defendant Micheal in her official capacity. If an action is brought against an official of a governmental entity in her official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claim against Defendant Micheal, an employee of Hopkins County Jail, in her official capacity is actually brought against the Hopkins County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Plaintiff alleges that he was put in the hole because his sugar was high and that he was charged after he "filled out a sick call form from Dec. 16th to January 26th and never once did the Doctor or Nurses help [him]." Plaintiff continues, "If they was trying to help me, why didn't they draw blood or change insulin or give me some pills to help bring it down." He states that his medical records from the Hopkins County Jail will show that his diabetes was "way out of control" while he was housed there and since he has been transferred to Fulton County Jail, his sugar levels have slowly come under control.

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint does not identify a policy or policies causing the alleged constitutional violations concerning being put in the hole for having high blood sugar and for not

being treated for his high blood sugar. The Court will dismiss the claim against Defendant Micheal by separate Order.

***Claims for injunctive relief***

Plaintiff's requests for injunctive relief are moot because he is no longer incarcerated at the Hopkins County Jail. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claim against Defendant Micheal; his claims relating to diabetics not being given shoes, snacks, or sweet-n-low and not being allowed to work; and his claims for injunctive relief. The Court will allow Plaintiff's claims against Defendants Pleasant, Lali, Jodi and "Doctor" relating to not receiving medical attention while he was in the hole to go forward. In so doing, the Court expresses no opinion on the ultimate merit of those claims.

Date: June 5, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Hopkins County Attorney
4414.009